UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMIA LEONARD,                              )
                                            )
                 Plaintiff,                 )
                                            )        Case No.
        v.                                  )        Hon.
                                            )
KIPP DETROIT IMANI ACADEMY, a               )
Wayne County Charter Public School, and     )
SUPERINTENDENT CANDACE                      )
ROGERS, in her official and individual      )
capacity,                                   )
                                            )
                 Defendants.                )
_____/

Joel B. Sklar (P38338)
LAW OFFICES OF JOEL B. SKLAR
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com
_____/

**<u>COMPLAINT AND JURY DEMAND</u>**

Plaintiff Samia Leonard, by and through her attorneys, Law Offices of Joel B.

Sklar, files this cause of action against Defendants KIPP Detroit Imani Academy, a

Wayne County Michigan Charter School (KIPP), and KIPP Superintendent Candace

Rogers and says:

1.     Plaintiff Samia Leonard is an individual who works and/or transacts

business in Wayne County, Michigan which is located in this Judicial District.

2.     Defendant KIPP Detroit Imani Academy (KIPP) is a Michigan Charter School (K-12) located in Wayne County, Michigan which is within this Judicial District.

3.     Defendant Candace Rogers is an individual who resides in and/or transacts business in Wayne County, Michigan which is within this Judicial District. She is being sued in her official and individual capacities.

4.     Qualified immunity does not apply to Defendants Rogers for her violation of Plaintiff's clearly established *First Amendment* rights to intimate marital association and privacy.

5.     Governmental immunity does not apply to Defendants KIPP and Rogers for their violation of Plaintiff Samia Leonard's rights under Michigan's Elliot Larsen Civil Rights Act (ELCRA). *See e.g., Mich. Comp. Laws § 37.2103 and Mich. Comp. Laws § 37.2201.*

6.     This Court has subject matter jurisdiction over this action pursuant *to 42 USC § 1983* because Plaintiff raises federal questions pursuant to *28 USC § 1331.* The Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to *28 USC § 1367(a).*

7.     Venue is proper in this Court pursuant to *28 USC § 1391(b)* because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district

and Defendants conduct business and employed Plaintiff within this judicial district.

8.    The amount in controversy exceeds this Court's jurisdictional limit.

## COMMON FACTUAL ALLEGATIONS

9.    Plaintiff Samia Leonard realleges paragraphs 1 through 8 word-for-word.

10.    On February 26, 2024, Plaintiff Samia Leonard applied for a position with Defendant KIPP for Managing Director of Finance and Human Resources (HR).

11.    On April 11, 2024, after a series of lengthy interviews, Plaintiff was offered and accepted the job of Managing Director of Finance and HR for KIPP.

12.    Under the terms and conditions of her agreement, Plaintiff was promised an annual salary of $91,000, comprehensive healthcare, vision, and dental benefits, 16 PTO days, and 6 days of sick leave.

13.    On April 23, 2024, Superintendent Candace Rogers saw Plaintiff with her husband and was shocked because she had no idea Plaintiff was married or to whom.

14.    Plaintiff's husband, Herve Leonard MPA, is a Deputy Chief of Staff/Communications Director for the Detroit City Council.

15.    On April 24, 2024, during a remote Zoom meeting, Defendant Candace Rogers told Plaintiff she was terminated *because* Plaintiff had not disclosed her

marital status or the identity of her spouse.

## COUNT I

### VIOLATION OF PLAINTIFF'S *FIRST AMENDMENT* RIGHT TO INTIMATE ASSOCIATION (MARITAL) PURSUANT TO *42 USC §1983*

16.     Plaintiff Samia Leaonard realleges paragraphs 1-15 above, word for word.

17.     The *First Amendment* to the U.S. Constitution guarantees the right of intimate association and privacy, including that between a husband and wife.

18.     Defendants KIPP and Superintendent Rogers violated Plaintiff Samia Leonard's clearly established *First Amendment* rights when she terminated Plaintiff because of her constitutionally protected marital relationship.

19.     Plaintiff's *First Amendment* right to intimate association with her husband is clearly established such that any reasonable state actor would know that she could not discharge or take any other adverse employment action against Plaintiff because of her marital relationship.

20.     Defendants KIPP's and Superintendent Rogers' unlawful retaliatory discharge of Plaintiff is an adverse employment action which would deter a person of ordinary firmness from exercising such rights.

21.     As a direct and proximate result of Defendant KIPP's and Rogers' unlawful conduct, Plaintiff Samia Leonard was discharged, lost back pay, lost front

pay, lost benefits of employment, suffered humiliation, embarrassment, loss of reputation in the community, anger, anxiety, fear, sadness, emotional distress and other injuries, both economic and non-economic, which will continue through and beyond this litigation.

**ACCORDINGLY,** Plaintiff Samia Leonard asks this Court to enter judgment against Defendants KIPP and Rogers, jointly and severally, for all amounts to which she may be entitled including, but not limited to, all compensatory, exemplary and punitive damages, statutory attorney fees, interest and costs, lost back pay, lost front pay, and equitable relief in the form of reinstatement, a restraining order to prohibit retaliation and/or any other remedy under law or otherwise deemed appropriate by the Court.

## COUNT II

### VIOLATION OF ELCRA-MARITAL STATUS

22.     Plaintiff realleges paragraphs 1-21 above, word for word.

23.     Defendants KIPP and Rogers are "employers" covered under the ELCRA.

24.     Plaintiff is a "person" covered by the ELCRA, being *Mich. Comp. Laws 37.2201, et seq.*

25.     *Mich. Comp. Laws § 32.2022(1)(a)* prohibits an employer from discriminating against a person because of their marital status.

26.     Defendant Superintendent Rogers admitted that KIPP terminated Plaintiff Samia Leonard because of her protected status *i.e.,* she was married.

27.     As a direct and proximate result of Defendant KIPP's and Rogers' unlawful conduct, Plaintiff Samia Leonard was discharged, lost back pay, lost front pay, lost benefits of employment, suffered humiliation, embarrassment, loss of reputation in the community, anger, anxiety, fear, sadness, emotional distress and other injuries, both economic and non-economic, which will continue through and beyond this litigation.

**ACCORDINGLY,** Plaintiff Samia Leonard asks this Court to enter judgment against Defendants KIPP and Rogers, jointly and severally, for all amounts to which she may be entitled including, but not limited to, all compensatory, exemplary and punitive damages, statutory attorney fees, interest and costs and equitable relief in the form of reinstatement, a restraining order to prohibit retaliation and/or any other remedy under law or otherwise deemed appropriate by the Court.

Respectfully submitted,

*s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Dated:  June 6, 2024          Joel@joelbsklarlaw.com

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a jury trial of this cause of action.

Respectfully submitted,

*s/ Joel B. Sklar*

Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Dated:  June 6, 2024                    Joel@joelbsklarlaw.com

7